GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:      DOMINIKA TARCZYNSKA
         RACHAEL L. DOUD
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2748/3274
Fax:         (212) 637-2686
dominika.tarczynska@usdoj.gov
rachael.doud@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| HOPEWELL PRECISION, INC. and JOHN B. BUDD, | No. 19 Civ. 6749 |
| Defendants. | |

Plaintiff, United States of America, by its attorney, Geoffrey S. Berman, United States

Attorney for the Southern District of New York, on behalf of the Administrator of the United States

Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1.       In the 1970s and 1980s, defendants Hopewell Precision, Inc. ("Hopewell

Precision") and John B. Budd ("Budd") released hazardous substances into the environment at

their sheet metal and machining fabrication company in the Town of East Fishkill, in Dutchess

County, New York.  The defendants contaminated the soil in and near their facility with

trichloroethene ("TCE") and other hazardous substances, which then leached into the area's groundwater and contaminated residents' drinking wells and homes over a one-and-a-half miles area.

2.      EPA provided the residents emergency relief, including the delivery of bottled water to residences whose wells were affected by TCE contamination; installation of drinking water treatment systems; and addressing hazardous vapor intrusion in residents' homes.  In April 2005, EPA added this site, referred to as the Hopewell Precision Superfund Site (the "Site"), to the National Priorities List ("NPL").  The NPL is EPA's list of clean-up sites of highest priority. EPA's Superfund program is currently conducting a long-term clean-up process at the Site. The cleanup has already cost at least $22 million and will cost millions more in the future.

3.      The United States brings this action on behalf of EPA to recover the costs of clean-up related to the Site under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, from Hopewell Precision and Budd.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter under Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) & 9613(b), and under 28 U.S.C. §§ 1331 & 1345.

5.      Venue is proper in the Southern District of New York pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and under 28 U.S.C. §§ 1391(b) & (c) because the releases of hazardous substances giving rise to the United States' claims occurred in this District and because the Site is located in this District.

**THE PARTIES**

6.      Plaintiff is the United States of America.  EPA is an agency of the United States of America.

7.      Defendant Hopewell Precision is a New York Corporation with its current principal place of business located at 19 Ryan Drive, East Fishkill, New York 12533.

8.      Defendant Budd is the current owner of 19 Ryan Drive, which he has leased to Hopewell Precision since approximately January 21, 1980.   He is also the founder of Hopewell Precision and its former president and former owner.

**THE CERCLA STATUTORY SCHEME**

9.      In 1980, CERCLA was enacted to provide a comprehensive governmental mechanism for abating and remediating releases and threatened releases of hazardous substances and for funding the costs of such abatement and related enforcement activities, which are known as "response actions."  42 U.S.C. §§ 9601(25), 9604(a).

10.      Pursuant to Section 104(a)(1) of CERCLA, and implementing Executive Orders, EPA is authorized to conduct response actions "[w]henever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare."  42 U.S.C. § 9604(a)(1).

11.     Section 107(a) of CERCLA provides, in pertinent part, that:

>       (1) the owner and operator of a . . . facility, [and]

>       (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

>       . . . shall be liable for—

>       (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . . .

42 U.S.C. § 9607(a).

## STATEMENT OF FACTS

**I.     The Site**

12.     The Site consists of two contiguous parcels of property located at 15 Ryan Drive and 19 Ryan Drive, East Fishkill, New York, which total 5.7 acres, and the areas where the contamination from those properties has migrated.

13.     The Site consists of mostly residential and semi-rural neighborhoods, which are served by private wells and septic systems.

14.     Approximately 27,000 people live within four miles of the Site.

**II.    Hopewell Precision's Historical Corporate Ownership and Management**

15.     Hopewell Precision is a custom sheet metal and machining fabrication company founded by Budd that has been operating since at least the early 1970s under various corporate names.  Hopewell Precision has fabricated, and continues to fabricate, sheet metal items for customers including those in the medical, telecom, and broadcast industries.

4

16.     In late 1968, Hopewell Industries, Inc. purchased the 19 Ryan Drive parcel from Francis Ryan.  At that time, John B. Budd was the President of Hopewell Industries, Inc.

17.     In May 1972, an entity named Hopewell Fabricators, Inc. was incorporated, with Budd as the company's sole shareholder and President.  From approximately 1972 to 1976, Hopewell Fabricators operated at 19 Ryan Drive.

18.     In July 1976, the name of the company was changed from Hopewell Fabricators, Inc. to its current name—Hopewell Precision, Inc.  Between approximately 1976 and 1980, Hopewell Precision operated on leased space at 15 Ryan Drive while a new building was being constructed at 19 Ryan Drive.

19.     In September 1979, Hopewell Industries sold the 19 Ryan Drive parcel to Budd for one dollar.  In January 1980, Hopewell Precision signed a lease for 19 Ryan Drive with Budd and the company's operations returned to 19 Ryan Drive.  Hopewell Precision has operated at 19 Ryan Drive under a lease with Budd continuously since that time.

20.     Budd was the President and sole shareholder of Hopewell Precision, formerly known as Hopewell Fabricators, Inc., from its founding in 1972 until 1985.  In 1985, Mr. Budd sold twenty percent of the company to another individual who became President of Hopewell Precision, while Budd served as the company's Secretary.  In 1991, Budd sold his remaining interest in the company by stock purchase agreements that included an Employee Stock Ownership Plan ("ESOP"), and ceased serving as a corporate officer.

## III.    Hopewell Precision's Operations and the Contamination

21.     Hopewell Precision used a vapor degreasing machine at its facility until approximately August 1998, which it used to clean and degrease metal parts prior to wet spray

paint application.  Hopewell Precision used the solvents trichloroethene ("TCE") and 1,1,1-trichloroethane ("1,1,1-TCA"), in the vapor degreaser and generated a solvent waste from its use of the vapor degreaser.

22.     The vapor degreaser consisted of a large stainless steel tank in which solvents were heated and turned from liquid into vapor.  Parts would be lowered into the vapor-filled tank in baskets.  The process would remove oil and dirt from the parts.  The oil and dirt combined with solvent then accumulated at the bottom of the tank.

23.     On information and belief, Hopewell Precision cleaned the degreaser tank approximately once per month.  The oil, dirt and solvent mixture at the bottom of the tank was drained from the tank via a garden hose attached to a valve at the bottom of the tank.  The oil, dirt and solvent mixture was drained via the garden hose onto the ground behind the facility building.

24.     On information and belief, it was also common practice for Hopewell Precision employees to pour paints and other chemicals into the ground behind the facility building.

25.     As a result of Hopewell Precision's operations, the structures and the soils at the 15 and 19 Ryan Drive properties have become contaminated with solvents including TCE and 1,1,1-TCA.

26.     These substances also have migrated beyond the two properties.  Contamination from the properties has leached into the area's groundwater, resulting in a contaminated groundwater plume that extends approximately one-and-a-half miles in a southwesterly direction from the 19 Ryan Drive location.  This plume of contaminated groundwater extends into nearby residential neighborhoods.  TCE from the two properties has migrated into and contaminated (a)

the private wells that serve homes in those neighborhoods; (b) ponds that are in the path of the

contaminated groundwater plume; and (c) approximately 66 homes that are a part of the Site.

The contamination in the homes potentially affects more than 150 individuals.

**IV.    Environmental Response and Cleanup Efforts**

27.    In response to the contamination at the Site, EPA has conducted response actions

at the Site, including the following: (a) delivery of bottled water to residences whose wells were

affected by TCE contamination; (b) installation of granulated activated carbon point of entry

treatment ("POET") systems in 38 affected homes; (c) installation and sampling of temporary

shallow monitoring wells at the Site; (d) implementation of a vapor intrusion investigation

covering over 200 homes in the area; (e) installation of sub-slab depressurization systems

in homes to reduce residents' potential exposure to contaminated indoor air; and (f) periodic

sampling of indoor air during the winter heating season.

28.    In April 2005, the Site was placed on the National Priorities List, 40 C.F.R. Part

300, Appendix B.  The National Priorities List is a published list of hazardous waste sites in the

country that are eligible for extensive, long-term cleanup action under the Superfund program.

29.    EPA conducted a remedial investigation and feasibility study at the Site from

January 2006 to July 2009.

30.    EPA has divided the future cleanup into phases referred to "Operable Unit 1" and

"Operable Unit 2."  Operable Unit 1 comprises the cleanup and restoration of the contaminated

groundwater aquifer.  Operable Unit 2 comprises the construction of an alternate water supply to

serve properties with private drinking water wells that have been or may be affected by the

groundwater contamination.  EPA commenced the construction of Operable Unit 2 remedy in

April 2017 and expects to complete it in 2021.  EPA's remedial design of the Operable Unit 1 remedy is ongoing.

31.     EPA has incurred millions of dollars in response costs at the Site to date.  EPA expects to perform further response actions and incur further response costs at the Site in the future.

**CAUSE OF ACTION**
**(Cost Recovery against Hopewell and Budd)**

32.     Paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.     The 15 and 19 Ryan Drive properties (the "Property") are a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), because hazardous substances have been "deposited, stored, disposed of, or placed, or otherwise come to be located" on the Property.

34.     Hopewell Precision and Budd are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

35.     There have been releases and/or threatened release of hazardous substances, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), at or from the Property.

36.     The United States has incurred response costs within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Site.

37.     The response costs incurred by the United States in connection with the Site are not inconsistent with the National Contingency Plan established pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

38.      Defendant Hopewell Precision is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as a person who is the current operator of a facility, and under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who was the operator of the facility at the time of the disposal of hazardous substances.

39.      Defendant Budd is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), as a person who is the current owner of a facility, and under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who was the owner and operator of a facility at the time of the disposal of hazardous substances.

40.      Defendants Hopewell Precision and Budd are jointly and severally liable to the United States for response costs incurred and to be incurred regarding the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(i)      Enter judgment against each Defendant, jointly and severally, and in favor of Plaintiff, for response costs incurred by Plaintiff regarding the Site, in an amount to be established at trial;

(ii)      Grant a declaratory judgment in favor of Plaintiff that each Defendant is liable for response costs which will be binding on any subsequent action to recover response costs regarding the Site; and

(iii)      Order such further relief as the Court may deem just and proper.

Dated: July 19, 2019
       New York, New York

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for Plaintiff United States of America*


                       By:    /s/ Rachael L. Doud
                              DOMINIKA TARCZYNSKA
                              RACHAEL L. DOUD
                              Assistant United States Attorneys
                              86 Chambers Street, 3rd Floor
                              New York, NY 10007
                              Telephone: (212) 637-2748/3274
                              Fax: (212) 637-2686
                              dominika.tarczynska@usdoj.gov
                              rachael.doud@usdoj.gov


                              ELLEN M. MAHAN
                              Deputy Chief
                              Environmental Enforcement Section
                              U.S. Department of Justice
                              Environment and Natural Resources Division